## G. A. Buresh, Defendant in Error, v. E. M. Seymour, Plaintiff in Error.

### Gen. No. 19,635.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Joseph Sabath, Judge, presiding. Heard in this court at the October term, 1913. Reversed with finding of fact. Opinion filed June 15, 1914. Rehearing denied and opinion modified June 29, 1914.

### Statement of the Case.

Action by G. A. Buresh against E. M. Seymour in tort to recover money paid to defendant under a written agreement whereby plaintiff and defendant became equal partners in the practice of law. Defendant had been practicing law for fifteen years and plaintiff having no experience paid defendant $750 for a half interest in his business. Plaintiff claimed the right to recover the sum so paid on the ground that defendant made misrepresentations as to the amount of his business. The jury returned a verdict of guilty and for $333 damages. To reverse a judgment entered on the verdict, defendant brings error.

E. M. Seymour, *pro se* and William H. Fish, for plaintiff in error.

Henry L. Bluim and Frank B. Teed, for defendant in error.

Mr. Presiding Justice Baker delivered the opinion of the court.

### Abstract of the Decision.

1. Fraud, § 26*—*when evidence insufficient to prove false assertion concerning income of a business.* In an action by an attorney to recover money paid under a partnership agreement to his copartner for a half interest in his business, on the ground that de-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

fendant made misrepresentations as to the income of the business, *held* that a verdict for plaintiff could not be sustained, where the evidence of plaintiff tended to show that the receipts of the firm after plaintiff became a partner were less than the amount represented but there was no evidence to show what the receipts were before he became a partner.

2. FRAUD, § 113*—*proof by circumstantial evidence.* Fraud may be proved by circumstantial evidence as well as direct evidence; but there must be shown by a preponderance of the evidence inculpatory facts from which a legitimate inference of fraudulent intent may be drawn.

3. FRAUD, § 26*—*when misrepresentations concerning a business not actionable.* Misrepresentations as to value, probable future business or earnings are not actionable.